UNITED STATES DISTRICT COURT
<u>WESTERN DISTRICT OF NEW YORK</u>

| | |
|---|---|
| UNITED STATES OF AMERICA | |
| | 21-CR-6064 (DGL) |
| v. | MOTION TO RECONSIDER ORDER OF DETENTION PENDING SENTENCING |
| MACKENZIE DRECHSLER, | |
| <u>                              </u>**Defendant.** | |

| | |
|---|---|
| **MOTION BY**: | Jeffrey L. Ciccone, Assistant Federal Public Defender, Attorney for Mackenzie Drechsler. |
| **DATE, TIME & PLACE**: | Before the Honorable David G. Larimer United States District Judge, U.S. Courthouse, Rochester, New York, on a date and time to be set by The Court. |
| **SUPPORTING PAPERS**: | Memorandum of Law submitted by Jeffrey L. Ciccone on June 11, 2021, the attachments hereto, and all prior proceedings had herein. |
| **RELIEF REQUESTED**: | Release of Ms. Drechsler Pending Sentencing. |

Dated:  June 11, 2021
            Rochester, New York

                                              <u>     /s/Jeffrey L. Ciccone     </u>
                                              Jeffrey L. Ciccone
                                              Assistant Federal Public Defender
                                              28 East Main Street
                                              First Federal Plaza, Suite 400
                                              Rochester, New York 14614
                                              585-263-6201
                                              jeffrey_ciccone@fd.org
                                              Attorney for Mackenzie Drechsler

| | |
|---|---|
| **UNITED STATES DISTRICT COURT**<br>**WESTERN DISTRICT OF NEW YORK** | |
| **UNITED STATES OF AMERICA** | 21-CR-6064 (DGL) |
| v. | **MEMORANDUM OF LAW** |
| **MACKENZIE DRECHSLER** | |
| **Defendant.** | |

**JEFFREY L. CICCONE**, Assistant Federal Public Defender for the Western District of New York, affirms as follows:

I am an attorney licensed to practice law in the State of New York and the United States District Court for the Western District of New York, and I represent Mackenzie Drechsler.

Ms. Drechsler respectfully moves this Court to reconsider its order of detention pending sentencing and to order that she be rereleased on conditions.

## BACKGROUND

Mackenzie Drechsler initially appeared before the Court on June 30, 2020, following the filing of a Criminal Complaint. The Complaint charged Ms. Drechsler with Arson, in violation of 18 U.S.C. § 844(i). (Docket #1). The government did not move for detention and Ms. Drechsler was released on Personal Recognizance. (*See* Docket #6). On June 7, 2021, in satisfaction of all charges, Ms. Drechsler pled guilty to a single count of Rioting, in violation of 18 U.S.C. § 2101(a). (Docket # 25). The plea was entered pursuant to a written plea agreement jointly entered by the parties. (Docket #26).

Within the parties' written plea agreement, Ms. Drechsler admitted to several relevant facts related to the required elements of the Rioting charge. Specifically, Ms. Drechsler admitted

2

that during a protest on May 20, 2020, at the Monroe County Public Safety Building, she and others set fire to one vehicle that belonged to the New York State Attorney General's Office and another that belonged to the City of Rochester.  Ms. Drechsler further admitted that following the fires, she and others left the area of the Public Safety Building and participated in looting stores and damaging property throughout the City of Rochester.  (*See* Docket #26, ¶4).

The written plea agreement also set forth the parties' anticipated Sentencing Guidelines calculation, which included an advisory sentencing range of 24 to 30 months.  The advisory range was based, in part, on Ms. Drechsler's minimal Criminal History Category of I.

Following the entry of the guilty plea, the Court addressed the issue of Ms. Drechsler's continued release.  The government advised the Court that it was not aware of any violations of the pretrial conditions and that it was not opposed to Ms. Drechsler's continued release pending sentencing.  The defense similarly requested that the Court continue Ms. Drechsler's release.  The Court denied the parties' request, revoked Ms. Drechsler's release and remanded her into custody pending sentencing, which is scheduled for August 9, 2021.

The defense respectfully requests that the Court reconsider its Order detaining Ms. Drechsler pending sentencing and issue and Order of Release pursuant to 18 U.S.C. § 3143.

**ARGUMENT**

In cases that do not involve a crime of violence, 18 U.S.C. § 3143 generally requires that a defendant be taken into custody following a plea of guilty.  However, the Court is permitted to grant or continue the release of a defendant pending a sentencing hearing if it finds by clear and convincing evidence that such defendant is not likely to flee or pose a danger to the safety of any

other person or the community.  18 U.S.C. § 3143(a)(1).  Conversely, in cases that do involve a crime of violence, the Court is directed to detain a defendant following a guilty plea unless – (A) there is a substantial likelihood that a motion for acquittal or a new trial will be granted; or the government has recommended that no sentence of imprisonment be imposed; and (B) the Court finds by clear and convincing evidence that the defendant is not likely to flee or pose a danger to any other person or the community.  18 U.S.C. § 3143(a)(2).

Regardless of the type of case, an exception to the general requirement of detention can be found in 18 U.S.C. § 3145.  That section permits the Court to release a defendant pending sentencing, notwithstanding the requirements of § 3143, if there are "exceptional reasons" why detention would not be appropriate.  18 U.S.C. § 3145(c); *see United States v. DiSomma*, 951 F.2d 494, 496 (2d Cir. 1991)(citing *United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991)(acknowledging that despite its inclusion in a section covering appeals, § 3145(c) applies to original applications for release).

In the instant matter, there are ample exceptional reasons why Ms. Drechsler's detention pending sentencing is not appropriate.

Ms. Drechsler has Demonstrated that she is Not Likely to Flee or Pose a Danger

For the past year, Ms. Drechsler has demonstrated her ability to comply with all conditions of release and that she is not a risk of flight.  As stated above, Ms. Drechsler was originally charged with Arson, a charge that carries a mandatory minimum sentence of five years and a maximum sentence of twenty years.  *See* 18 U.S.C. § 844(i).  Despite the prospect of such a severe sentence, Ms. Drechsler regularly appeared for court when directed for a period of almost 12 months.  Moreover, as stated above, Ms. Drechsler pled to the lesser charge of

Rioting, which does not require a minimum sentence and carries a maximum possible sentence of only 5 years. It would appear that Ms. Drechsler has even less of an incentive to flee now than she did while on pretrial release. Certainly, reasonable conditions exist that would assure the Court that Ms. Drechsler will return to court and surrender for sentencing.

While on pretrial release, Ms. Drechsler also obtained employment. She worked the over-night shift at McDonalds averaging at least 40 hours per week. Although the schedule was not ideal, Ms. Drechsler requested the nighttime hours so she could also be available for her two children during the day.

The government acknowledged Ms. Drechsler's compliance with all conditions of release when questioned by the Court. Counsel for the government specifically advised the Court that it was not opposed to Ms. Drechsler's continued release pending sentencing.

Fairness Dictates Ms. Drechsler's Release

On the same date as Ms. Drechsler's plea hearing, another defendant in an almost identical case also pled guilty. *See United States v. Shakell Sanks*, Docket # 21-CR-6065 (DGL). Shakell Sanks, like Ms. Drechsler was originally charged with Arson in connection with the protests on May 30, 2020. Also like Ms. Drechsler, Mr. Sanks pled guilty to the lesser charge of Rioting. However, unlike Ms. Drechsler, Mr. Sanks was not taken into custody and was permitted to remain released on conditions pending sentencing.

According to his plea agreement, Mr. Sanks admitted to setting fire to the same City of Rochester car that was identified in Ms. Drechsler's plea agreement. Although Mr. Sanks' plea agreement referenced only the one vehicle fire, as opposed to the two vehicle fires in which Ms. Drechsler was involved, Mr. Sanks advisory Sentencing Guideline rage is actually higher than

Ms. Drechsler's. This is due to the fact that Mr. Sanks appears to have a prior criminal record, resulting in a Criminal History Category of II. Ms. Drechsler is a Criminal History Category I.

Given the parallel between Mr. Sanks and Ms. Drechsler's charges and plea agreements, and that Mr. Sanks was permitted to remain released on conditions pending sentencing, fairness dictates that Ms. Drechsler also be released until her sentencing hearing in approximately 60 days. *See* 18 U.S.C. § 3553(a)(6) (requiring the sentencing court to "avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct").

Ms. Drechsler's Two Young Children Need Their Mother

Ms. Drechsler is the mother of two young children, Jordyne Green, age 5, and Nakari Green, age 2. Both children need their mother, especially during the summer months when school and daycare options are limited. The children are currently with Ms. Drechsler's mother, but additional arrangements must be made for an extended period of absence. *See United States v. Rentas*, 2009 WL 3444943, * (S.D.N.Y. 2009)(granting release to single mother to arrange for child care); *United States v. Hooks*, 330 F.Supp.2d 1311, 1312 (M.D. Ala. 2004) (granting release to mother to arrange for care of three children).

If released for the next two months, Ms. Drechsler would also continue to work in order to save money for child-related expenses that will surely arise during her absence. Additionally, Ms. Drechsler needs time to get other affairs in order, including selling her car and canceling her insurance, in an effort to reduce all unnecessary expenses.

**CONCLUSION**

Given Ms. Drechsler's previous compliance with her conditions of release, the perceived fairness of treating similar cases similarly, and the needs of Ms. Drechsler's children, it is respectfully requested that the Court reconsider its Order of Detention and release Ms. Drechsler pending sentencing on August 9, 2021.

Date: June 11, 2021

S/Jeffrey L. Ciccone
Jeffrey L. Ciccone
Assistant Federal Public Defender
28 E. Main Street, Suite 400
Rochester, New York 14614
(585)263-6201
Jeffrey_Ciccone@fd.org
Attorney for Mackenzie Drechsler