IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

    -vs-                                                            21-CR-6064-DGL

MACKENZIE DRECHSLER,

                Defendant.

### GOVERNMENT'S RESPONSE TO DEFENDANT'S
### MOTION FOR RECONSIDERATION

The United States of America, by and through its attorneys, James P. Kennedy, Jr., United States Attorney for the Western District of New York, and Brett A. Harvey, Assistant United States Attorney, hereby files its response to defendant MACKENZIE DRECHSLER's motion for reconsideration of the Court's decision to revoke her release after she entered a guilty plea. (Docket Item No. 27).

### FACTUAL AND PROCEDURAL BACKGROUND

On June 7, 2021, the defendant, MACKENZIE DRECHSLER, entered a guilty plea, pursuant to a written plea agreement, to a violation of 18 U.S.C. § 2101(a) (riot) before this Court. (Docket Item Nos. 25 and 26). As part of the plea, the defendant admitted to, among other things, setting fire to two government vehicles, looting stores, and damaging other property, during a riot in the City of Rochester on May 30, 2020. (Docket Item No. 26). At the conclusion of the plea, the defense sought, and the government did not oppose, the defendant's continued release pending sentencing. After considering the defense arguments,

and the nature and extent of the defendant's criminal conduct, the Court revoked the defendant's release and ordered her detained pending sentencing. (Docket Item No. 28).

On June 11, 2021, the defendant filed a motion asking this Court to reconsider the detention order. (Docket Item No. 27). In support of the motion, the defendant argues that there are several "exceptional reasons" that she should be released pending sentencing, including her history of making court appearances in this case; her employment record while on release; the fact that a related defendant, Shakell Sanks, was recently released after pleading guilty to the same charge; the fact that her two children "need their mother"; and her need to arrange childcare and "get other affairs in order" before sentencing (Docket Item No. 27, at pp. 4-6).

### APPLICABLE LAW AND ARGUMENT

The defendant's motion is styled as a "Motion to Reconsider Order of Detention Pending Sentencing." (Docket Item No. 27). In *United States v. Bryant*, 2021 WL 22608, at *1 (S.D.N.Y. Jan. 4, 2021), the Court set forth the applicable standards for a motion to reconsider:

> A motion for reconsideration is not intended as "a vehicle for relitigating old issues, presenting the case under new theories . . . or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012). Indeed, reconsideration is an "extraordinary remedy to be employed sparingly in the interest of finality and conservation of scarce judicial resources." *In Re Health Mgmt. Sys. Inc. Sec. Litig.*, 113 F.Supp2d 613, 614 (S.D.N.Y. 2000). To warrant reconsideration, the moving party bears the heavy burden of showing "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent a manifest injustice." *Virgin Atlantic Airways, Ltd. V. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992).

In this case, the defendant has not carried her burden to justify reconsideration. The defendant has not argued that there has been an intervening change of controlling. Moreover, none of the factual arguments advanced by the defendant is based on new evidence. Rather, the facts underlying those arguments were clearly known to the defense (but, to some extent, not offered to the Court) at the plea hearing. The defense is simply seeking "a second bite at the apple" by attempting to make arguments that were available to them at the time the Court made its detention ruling.

Additionally, the defendant has not demonstrated a "need to correct a clear error or prevent a manifest injustice." While it is true that Mr. Sanks was released after pleading guilty to a riot charge, the scope of his criminal conduct is readily distinguishable from that of the defendant. Mr. Sanks was responsible for helping to burn one government vehicle during the riot. In contrast, the defendant was involved in burning two government vehicles near the Public Safety Building, and looting and damaging property in other parts of the City of Rochester. The government submits that the scope and nature of the defendant's criminal conduct justified the Court's decision to treat the defendant differently than Mr. Sanks and order her detained pending sentencing. For the same reasons, the Court was justified in concluding that the defendant did not meet her burden, under 18 U.S.C. § 3143(a)(1), of demonstrating by clear and convincing evidence that she does not pose a danger to the safety of any other person or the community.[1]

---

[1] While one court has found that 18 U.S.C. § 2101(a) is a "crime of violence" under 18 U.S.C. § 3142(f)(1)(A), see *United States v. White*, 2018 WL 5291989, at *2 (N.D. Cal. Oct. 19, 2018), this Court, upon information and belief, did not make that finding in deciding to revoke the defendant's release.

**CONCLUSION**

For the foregoing reasons, the defendant's motion for reconsideration should be denied.

DATED: Rochester, New York, June 28, 2021.

                                            Respectfully submitted,

                                            JAMES P. KENNEDY, JR.
                                            United States Attorney
                                            Western District of New York

BY:    s/ Brett A. Harvey
            BRETT A. HARVEY
            Assistant United States Attorney
            United States Attorney's Office
            Western District of New York
            100 State Street, Suite 500
            Rochester, New York 14614
            585/399-3949
            brett.harvey@usdoj.gov