UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA,

                              Plaintiff,

                            v.

MACKENZIE DRECHSLER,

                              Defendant.
_____

DECISION AND ORDER

21-CR-6064L

On June 7, 2021, defendant Mackenzie Drechsler waived indictment and pleaded guilty pursuant to a Plea Agreement to a single charge involving engaging in a riot, under 18 U.S.C. § 2101(a). The maximum term of imprisonment is five years. The parties calculated that the sentencing range under the United States Sentencing Guidelines was 24-30 months imprisonment, a fine of between $10,000 and $95,000, and a period of supervised release of between 1 to 3 years.

During the plea colloquy, Drechsler admitted setting fire to two automobiles, one owned by the New York State Attorney General's Office, and the other owned by the City of Rochester. In addition, Drechsler admitted that following those fires, she participated in looting stores and damaging property throughout the City of Rochester. Sentencing is currently scheduled for August 9, 2021.

After entry of the plea, the Court revoked Drechsler's release and ordered her detained under 18 U.S.C. § 3143(a)(1). That section provides that upon entry of a plea, the defendant shall be detained unless she demonstrates by clear and convincing evidence that she does not pose a danger to the safety of any other person or the community and poses no reasonable risk of flight.

Based on the nature of the charge, engaging in a riot, and defendant's admission of damaging several automobiles by setting them on fire and engaging in looting and damage to property, I determined that the defendant did not carry her burden of establishing by clear and convincing evidence that she did not pose a danger to the community. Such acts of rioting, arson and looting clearly appear to constitute a danger.

Drechsler now moves (Dkt. #27) for this Court to reconsider its Order of Detention pending sentence. The Government responded (Dkt. #30) opposing the motion to reconsider.

After reviewing the referenced pleadings, the Plea Agreement and the plea colloquy, I see no basis to reconsider my Order of Detention.

Defendant has submitted nothing additional that would suggest that modification is appropriate. The standards for release after a plea are, of course, different than is the case when one is initially presented or arraigned pending trial or a plea. The burden is on the defendant and the Court believes that she has failed to carry that burden.

In addition, a Presentence Report ("PSR") has been prepared for Drechsler's sentencing. That Report sets forth in some detail the facts supporting the plea. The evidence was strong and much of it was captured on video. The PRS also establishes that Drechsler faces several felony charges in New York State court based on allegations that she damaged a Rochester Police Department vehicle, shattered security glass doors at the Public Safety Building and gained illegal entry into that building causing damage. These felony charges have not yet been resolved and provide additional evidence of defendant's potential danger, as well as a risk of flight since she now faces not only federal charges but several serious felony state charges.

## CONCLUSION

Defendant Mackenzie Drechsler's motion (Dkt. #27) to reconsider this Court's Detention Order is in all respects DENIED.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       July 20, 2021.